

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN F. MCARTHUR,  § <br> Plaintiff,  § <br>  § <br> vs.  § <br>  § <br> WARDEN RHODE, OFFICER JOHN DOE § <br> #1, OFFICER JOHN DOE #2, OFFICER § <br> JOHN DOE #3, and OFFICER JOHN DOE #4, § <br> Defendants.  § | Civil Action No. 2:25-7960-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
TO THE EXTENT IT IS CONSISTENT WITH THIS ORDER
AND SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE**

Plaintiff John F. McArthur (McArthur), a pretrial detainee who is representing himself, filed this civil action against the above-named Defendants, alleging violations of his constitutional rights under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court summarily dismiss this case without prejudice and without further leave for amendment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 7, 2025.  To date, McArthur has neglected to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review[] but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report to the extent it is consistent with this Order, and incorporates those portions of the Report herein.  Therefore, it is the judgment of the Court this case is summarily **DISMISSED WITHOUT PREJUDICE**.

The Court, however, declines to follow the Magistrate Judge's recommendation the Court deny McArthur leave for amendment.  This is so because the Fourth Circuit has held "a plaintiff has an absolute right to amend his complaint once before a responsive pleading has been filed and need not seek leave of court to do so."  *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010).  The Fourth Circuit went on to explain "[t]he plaintiff's right to amend once is absolute.  Therefore, the district court abused its discretion in preventing [the plaintiff's] amendment as of right, and we reverse the district court on that ground."  *Id*.

Here, Defendants have yet to have been served with the complaint.  Accordingly, they have failed to file a responsive pleading.  McArthur thus has an absolute right to amend his complaint, and the Court declines the Magistrate Judge's suggestion to prohibit such amendment.

**IT IS SO ORDERED.**

Signed this 4th day of December 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

McArthur is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.